IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:21-3283-BHH |
| v. ) | |
| ) | **ORDER** |
| Holly Hill Police Department, ) | |
| Cpl. Yacabozzi, Joshua H. Deter, ) | |
| Orangeburg County Sheriff's Office, ) | |
| Berkeley County Sheriff's Office, ) | |
| Chasity Sanders Avenger, John Doe ) | |
| of Orangeburg, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Altony Brooks' ("Plaintiff") pro se amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 25.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On May 15, 2024, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Defendants Judge Chasity Sanders Avinger, Holly Hill Police Office, Berkeley County Sheriff's Office, and Orangeburg County Sheriff's Office as Defendants. (ECF No. 33 at 12.) The Magistrate Judge also recommended that the Court summarily dismiss Plaintiff's § 1983 claims against Defendant Yacabozzi for false arrest, false imprisonment, and illegal search and seizure, and that the amended complaint be served on Defendants Yacobozzi (only as to the remaining claims in the amended complaint as to this Defendant), Deter, and Doe. (*Id.*) This Court initially entered an order adopting the Magistrate Judge's Report without objections (ECF No. 35), but the Court later vacated its

order after receiving a motion for extension and a motion for reconsideration from Plaintiff. (*See* ECF Nos. 39, 41, and 48.)  The Court indicated it would enter a subsequent order ruling on the Magistrate Judge's Report after consideration of Plaintiff's objections, which the Court now does.  (ECF Nos. 38, 48.)

Subsequently, Plaintiff also filed a motion for the undersigned to recuse herself, which the Court also considers below.  (ECF No. 68.)

## BACKGROUND

Records from Berkeley County indicate that Plaintiff was arrested on July 27, 2021, on the charges of driving under suspension–2nd offense (case number 202110220002368), uninsured motor vehicle (case number 20210220002369), operating or permitting operation of a vehicle that is not registered and licensed (202100220002370), and operating a vehicle with a missing or incorrectly displayed license plate (case number 20210220002371). Plaintiff was tried in absentia in a bench trial on November 10, 2021, and was found guilty of all four Berkeley County charges and received fine-only sentences.  *See* Berkeley County 9th Judicial Circuit Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx [search Altony Brooks].

Records also indicate that Plaintiff has pending charges in Orangeburg County, with an arrest date of December 23, 2020, for threatening a public official (case number 2020A3810700828); an arrest date of August 2, 2021, for attempted escape or possession of tools to escape from prison (case number 2021A3810700588) and malicious or willful injury to a courthouse or jail (case number 2021A3810700589); and an arrest date of July 28, 2021, for resisting arrest (case number 2021A3820500078), transport of alcohol in motor vehicle with seal open (2021A3820500079), driving under suspension

2

(2021A820500080), use ofa license plate other than for vehicle which issued (2021A3820500081), uninsured motor vehicle fee violation (2021A3820500082), and threatening a public official (case number 2021A38205000083).  *See* Orangeburg County First Judicial Circuit Public Index, https://publicindex.sccourts.org/Orangeburg/PublicIndex/PISearch.aspx [search Altony Brooks].

In this action filed pursuant to 42 U.S.C. § 1983, Plaintiff contends that Defendants violated his First, Eighth, and Fourteenth Amendment rights, and he also alleges violations of his rights under the South Carolina Constitution and other state law claims.  (ECF No. 25.)  According to Plaintiff, Defendant Corporal Yacabozzi ("Yacabozzi"), a deputy of Defendant Berkeley County Sheriff's Office ("BCSO"), violated his rights by arresting him without a warrant on July 27, 2021.  Plaintiff also contends that Yacabozzi is "liable for illegal search and seizure in arresting Plaintiff without probable cause[,]" and that Yacabozzi used excessive force against him and is liable for assault and battery under South Carolina law.  (ECF No. 25 at 6, 11.)

Also according to Plaintiff, he was transported to the Orangeburg County Detention Center on July 27, 2021, when an unidentified black male Defendant, presumably Defendant John Doe ("Doe") from Defendant Orangeburg County Sheriff's Office ("OCSO"), allegedly handcuffed him too tightly.  (ECF No. 25 at 6.)  Plaintiff claims that Doe is liable for excessive use of force and false arrest.  (*Id*. at 11.)  Plaintiff allegedly was taken to Orangeburg County Regional Hospital, where officers from the Holly Hill Police Office questioned him for twelve or more hours while Plaintiff was handcuffed to a bed, and Plaintiff claims that his legs and wrists were swollen and that he had abrasions and contusions on his wrist, legs, ankles, and arms.  (*Id*. at 7.)

Plaintiff allegedly was taken on July 28, 2021, to the public safety office of Orangeburg County and appeared before Defendant City of Orangeburg Magistrate Chasity Sanders Avenger ("Judge Avenger"). Plaintiff claims that Judge Avenger did not permit him to speak. Thereafter, Plaintiff claims that Defendant Joshua H. Deter ("Deter"), and other officers who have not been named as Defendants, held Plaintiff in place while Deter "clenched the cuffs and belly chains against Plaintiff[']s wrist causing Plaintiff to scream in pain" and "kneed Plaintiff in the buttocks[.]" (ECF No. 25 at 7.)

Plaintiff contends that Judge Avenger improperly held him in jail for contempt for 180 days, and he alleges that warrants signed by Judge Avenger lack probable cause. Plaintiff seeks injunctive and declaratory relief against Defendant Avinger, and he appears to request monetary damages against all Defendants.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

**I.     Plaintiff's Objections to the Magistrate Judge's Report**

In her Report, the Magistrate Judge first found that, based upon the facts alleged in

Plaintiff's amended complaint, Judge Avinger is entitled to judicial immunity and recommended that the Court summarily dismiss Judge Avinger as a party to this action. (ECF No. 33 at 5.)

Next, the Magistrate Judge found that Plaintiff's claims against Defendant Yacabozzi pertaining to the Berkeley County charges from July 27, 2021, are subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has been found guilty of those charges and there is no indication that those Berkeley County convictions have been overturned.

The Magistrate Judge also concluded that any § 1983 claims against Defendants BCSO and OCSO should be dismissed because these Defendants are not "persons" amenable to suit under § 1983, and because BCSO and OCSO, as state agencies, are entitled to Eleventh Amendment immunity.  Additionally, the Magistrate Judge found Plaintiff's claims against these Defendants pursuant to the South Carolina Tort Claims Act subject to dismissal because "South Carolina has not waived its Eleventh Amendment immunity for lawsuits in federal court, consenting to suit only in South Carolina state court to the extent that it has waived tort claims against it."  *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 379 (D.S.C. 2019); *see* S.C. Code § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.").  In addition, the Magistrate Judge found that Plaintiff's claims against these Defendants under the South Carolina Constitution should be dismissed because Plaintiff has pointed to no constitutional provision or enabling statute allowing civil damages for

5

violations of the South Carolina Constitution.

Lastly, with respect to Defendant Holly Hill Police Office, the Magistrate Judge noted that it is not a "person" amenable to suit under § 1983. Also, the Magistrate Judge explained that to the extent Plaintiff alleges claims against Holly Hill Police Office under South Carolina law for assault and battery, outrage, and corporal punishment, these claims should be dismissed because municipal police departments are not the proper party defendant under the South Carolina Tort Claims Act.

In his objections, which are somewhat difficult to decipher, Plaintiff first objects that he was never issued certain citations by Berkeley County, and he repeats his assertion that Yacabozzi arrested him in July of 2021 without a warrant or probable cause. Plaintiff also objects that he never failed to appear in court. (ECF No. 38 at 1-2.)

According to Plaintiff, he is suing Judge Avinger for unlawful confinement for acting outside her judicial authority. (*Id.* at 2.) Next, Plaintiff repeats his assertions about being arrested unlawfully without a warrant and taken across county lines, and he contends that Judge Avinger did not have jurisdictional power to sentence him. (*Id.* at 3-4.) According to Plaintiff, he is seeking prospective injunctive relief against Judge Avinger for actions outside of her jurisdiction and for subjecting Plaintiff to unlawful confinement, and he asserts that she is not entitled to judicial immunity. (*Id.* at 4.)

Plaintiff also appears to object to the Magistrate Judge's findings as to the applicability of *Heck v. Humphrey*, asserting that he is not in custody. (*Id.* at 5-8.) Plaintiff also asserts that *Heck* does not apply because he was never on notice to appeal. (*Id.* at 9.) Lastly, Plaintiff asks that the Court order service on Judge Avinger and Yacabozzi for his unlawful confinement and false arrest claims. (*Id.* at 9-10.)

After *de novo* review in light of Plaintiff's objections, the Court finds no basis to depart from the Magistrate Judge's careful analysis. In other words, the Court finds that the Magistrate Judge accurately set forth Plaintiff's allegations and appropriately considered the applicable law, and the Court finds Plaintiff's objections entirely unavailing. Stated plainly, Plaintiff's objections fail to identify any error in the Magistrate Judge's legal analysis, and the Court agrees with the Magistrate Judge that Defendant Avinger is entitled to judicial immunity; that Defendants Holly Hill Police Office, BCSO, and OCSO are subject to summary dismissal; and that Plaintiff's claims against Defendant Yacabozzi for false arrest, false imprisonment, and illegal search and seizure are subject to summary dismissal for the reasons set forth by the Magistrate Judge. Accordingly, the Court hereby adopts the Magistrate Judge's Report and overrules Plaintiff's objections, allowing this matter to be served on Defendants Yacobozzi (as to Plaintiff's remaining claims against this Defendant), Deter, and Doe.

## II.     Plaintiff's Motion to Recuse

In his motion to recuse, Plaintiff asks that "new judges hear this case" because "there is an inherent bias when it comes to me litigating against BCSO officials." (ECF No. 68 at 2.)

Under 28 U.S.C. § 455, a judge must recuse herself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b)(1). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *See United States v.*

*Cherry*,1 330 F.3d 658, 665 (4th Cir. 2003). As the Fourth Circuit has held, however, adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *McClain v. Warden, Turbeville Corr. Inst.*, 805 F. App'x 221, 222 (4th Cir. 2020); *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Here, Plaintiff's request for recusal appears to be based on the undersigned's rulings in this case or in prior cases involving Defendant BCSO officials. (*See* ECF No. 68 at 2.) After review, however, Court finds no occasion to recuse herself because Plaintiff has failed to show "any extrajudicial source for alleged bias," *McClain*, 805 F. App'x at 222, other than adverse judicial rulings alone. Accordingly, the Court hereby denies Plaintiff's motion to recuse.

## CONCLUSION

Based on the foregoing, **the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 33) and overrules Plaintiff's objections (ECF No. 38).** Accordingly, the Court summarily dismisses Judge Chasity Sanders Avinger, Holly Hill Police Office, Berkeley County Sheriff's Office, and Orangeburg County Sheriff's Office as Defendants. The Court also summarily dismisses Plaintiff's § 1983 claims against Defendant Yacabozzi for false arrest, false imprisonment, and illegal search and seizure. Lastly, the **Court denies Plaintiff's motion to recuse (ECF No. 68).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 7, 2024
Charleston, South Carolina